UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH L. VONEIDA,              :    **CASE NO. 1:11-CV-0865**
                                 :
            Plaintiff            :    (Judge Conner)
                                 :
      v.                         :    (Magistrate Judge Smyser)
                                 :
                                 :
COMMONWEALTH OF PENNSYLVANIA;    :
GOVERNOR TOM CORBETT; ATTORNEY   :
GENERAL WILLIAM RYAN JR.;        :
PENNSYLVANIA STATE POLICE        :
COMMISSIONER FRANK NOONAN,       :
                                 :
            Defendants           :


**REPORT AND RECOMMENDATION**

## I.  **Introduction**.

On May 6, 2011, the plaintiff, Kenneth L. Voneida,
filed a complaint stating a claim under 42 U.S.C. § 1983.  He
claims that certain Pennsylvania statutes, applied in a manner
that was consistent with the provisions of those statutes,
violated and continue to violate his federally protected
rights.  He asks the court to declare 18 Pa.C.S.A. § 6111 and
Pa.C.S.A. § 6111.1, state statutes involving the sale of
firearms, to be invalid because they are in conflict with 18

U.S.C. § 922, a statute of the United States.[1]  He also claims

that these Pennsylvania statutes are in violation of the

Commerce Clause, the Second, the Fourth and the Fifth

Amendments and that they are unconstitutionally over broad and

vague.

The defendants are the Commonwealth of Pennsylvania,

the Governor of Pennsylvania, the Attorney General of

Pennsylvania and the Commissioner of the Pennsylvania State

Police in their official capacities.

The plaintiff in the complaint does not plead a factual

basis for the claim that he is making.[2]

_____

1.  In a later filing, his requested relief is expanded.  He
requests that the court enjoin the sale of firearms in the
Commonwealth.

2.  In *Voneida v. Stoehr,* M.D.Pa. Civil No. 10-2572, Kenneth
Voneida sets forth a comprehensive statement of his factual
allegations involving the July 2007 seizure from his residence of
firearms on the basis of his son's juvenile adjudication of
delinquency.  His son resided with him in July of 2007.

The defendants filed a motion to dismiss the complaint and a brief in support.  The plaintiff filed a brief in opposition, and the defendants filed a reply brief.

For the reasons stated by the defendants in support of their motion to dismiss the complaint, it will be recommended that the complaint be dismissed as to all defendants.

## II.  **Service of Process**.

The defendants assert that they were not properly served with the complaint.  The *pro se* plaintiff attempted to serve the defendants by certified mail.  However, service under Rule 4(c) or Rule 4(j)(2) of the Federal Rules of Civil Procedure is required.  The plaintiff did not request that the defendants waive personal service, Rule 4(d), which could have been done by mail.  The defendants have not explicitly waived service, and they are not considered to have waived service by appearing and by filing a Rule 12 motion. *McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 194 (3d Cir. 1998)("[I]f a defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b)(5) on the ground that service of process

was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-answer motion."). The court may not exercise jurisdiction over the defendants unless they have been properly served or have waived service. *Omni Capital Int'l, LTD. V. Rudolff Wolff & Co., LTD.,* 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). The plaintiff should be ordered to effect service unless the defendants shall have waived service. However, we will go on to address the grounds for dismissal raised by the defendants.

III.   **Rule 12(b)(6) Standard**.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan*

4

*v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting

*Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.

2008)).


"Under Federal Rule of Civil Procedure 8(a)(2), a

pleading must contain a 'short and plain statement of the claim

showing that the pleader is entitled to relief.'" *Ashcroft v.*

*Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by

Rule 8(a)(2) need only give the defendant fair notice of what

the plaintiff's claim is and of the grounds upon which it

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed

factual allegations are not required. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  But more is required than

labels, conclusions and a formulaic recitation of the elements

of a cause of action. *Id.*  "In other words, a complaint must do

more than allege the plaintiff's entitlement to relief." *Fowler*

*v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A

complaint has to "show" such an entitlement with its facts."

*Id.*  "While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations."

*Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-

5

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the

case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## IV.   **The Defendants' Arguments for Dismissal**.

The defendants raise as grounds for dismissal that the Commonwealth of Pennsylvania has sovereign immunity under the Eleventh Amendment, that there is no conflict between state and federal law that can be seen to give rise to a Supremacy Clause claim, that the Pennsylvania Uniform Firearms Act is not void for vagueness, that there is no statement of any colorable claim of a violation of the Commerce Clause, that there is not a statement of a claim of a Second Amendment violation upon which relief can be granted, that the Uniform Firearms Act does not violate the Fourth Amendment, that the plaintiff does not allege a basis upon which to find that he has standing to bring

7

his claim, and that the complaint was not properly served upon

any of the defendants.  The last of these grounds has already

been addressed herein above.

## V.  **Discussion**.

The complaint asks the court to declare state statutes,

18 Pa.C.S. § 6111 and 18 Pa.C.S. § 6111.1, invalid.  The

plaintiff's theory of unconstitutionality is that since federal

law, 18 U.S.C. § 922(b)(2), prohibits a licensed dealer from

selling or delivering a firearm to anyone who under state law

is not authorized to have a firearm, state law must be

structured in such a way as to cause licensed dealers not to

sell to unauthorized persons and that, as to a certain class of

persons not permitted under state law to possess firearms,

Pennsylvania law is not so structured.  He asserts that, as to

the class of persons who have been adjudicated delinquent at an

age of 13 or less, Pennsylvania law is not structured in a

manner that causes a licensed firearms dealer to refuse to make

a sale to the person.  The defendants' motion to dismiss the

complaint is based principally upon a showing that, contrary to

the plaintiff's assertion, Pennsylvania law is so structured as

8

to effectively prevent licensed dealers from selling to persons within this particular class.

18 Pa.C.S. § 6111(b) requires licensed firearms dealers before selling a firearm to check with the Pennsylvania State Police registry of criminal history records concerning convictions or juvenile delinquency adjudications of a prospective firearms purchaser. 18 Pa.C.S. § 6111.1(h) provides in part that "[t]he contents of law enforcement records and files compiled under 42 Pa.C.S. § 6308 (relating to law enforcement records) concerning a child shall not be disclosed to the public except if the child is 14 years of age or older at the time of the alleged conduct" and certain specified limited circumstances apply. 18 Pa.C.S. § 6111.1(h)(2) provides that "[n]otwithstanding any provision of this subsection, the contents of law enforcement records and files concerning any child adjudicated delinquent for the commission of any criminal activity described in paragraph (1) shall be recorded in the registry of the Pennsylvania State Police for the limited purposes of this chapter."

9

A.   **Standing**.

The defendants argue that the complaint does not allege facts which if true would establish that the plaintiff was injured.  Accordingly, they argue, he does not have standing to present his claims of unconstitutionality, citing *Salvation Army v. Dep't of Community Affairs of State of N.J.,* 919 F.2d 183, 192 (3d Cir. 1990).  We agree with the defendants' argument.  The plaintiff's standing should be decided before the merits are addressed.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).  The complaint should be dismissed because the plaintiff does not allege facts demonstrating that he has standing to raise the claims that he is raising.

B.   **Supremacy Clause**.

The plaintiff's theory of a federal constitutional Supremacy Clause violation proceeds on the premise that the prohibition on disclosure to the general public effectively precludes a licensed firearms dealer from learning that a

prospective firearms customer is a person who had a juvenile

delinquency adjudication before he or she was 14 years old.[3]


        The plaintiff claims that Article VI, Section 2 of the

Constitution of the United States is violated.  Article VI,

Section 2, the Supremacy Clause, provides:

>        This Constitution, and the Laws of the United
>        States which shall be made in Pursuance
>        thereof; and all Treaties made, or which shall
>        be made, under the Authority of the United
>        States, shall be the supreme Law of the Land;
>        and the Judges in every State shall be bound
>        thereby, any Thing in the Constitution or Laws
>        of any State to the Contrary notwithstanding.

The plaintiff's argument is that because licensed firearms

dealers do not learn of the disqualification of persons with a

juvenile delinquency history arising from conduct before the

age of 14 and because under federal law a licensed firearms

dealer may not transfer or sell a firearm to a person

prohibited under state law from possessing a firearm, there is

a Supremacy Clause violation.  The plaintiff's argument is

---

3.  Although not acknowledged by the plaintiff, the same
limitation on disclosure to the general public obtains when the
child was 14 years old or older unless one of the specified
limited circumstances applies.

based upon the assumption that 18 Pa.C.S.A. § 6111.1 works to preclude the licensed firearms dealer from learning of a prospective purchaser's juvenile delinquency adjudication in some circumstances.  But this assumption is incorrect.  The plaintiff misreads the statutes.

The firearms purchase procedure under Pa.C.S.A. § 6111(b)(1) requires the dealer to request the Pennsylvania State Police to conduct a criminal history records check of the prospective purchaser and to inform the dealer whether the purchase is prohibited.  The prohibition cited by the plaintiff, 18 Pa.C.S.A. § 6111.1(h), preventing any public disclosure of the juvenile record of a person adjudicated before age 14, does not have any bearing upon the universality of the requirement of a records check.  The dealer must submit the name of any prospective purchaser to the Pennsylvania State Police, and the dealer is told that the prospective purchaser is or not is barred from purchasing the firearm.  There is not an inconsistency between 18 U.S.C. § 922(b)(2) on the one hand and, on the other, 18 Pa.C.S.A. §§ 6111 and 6111.1.  The plaintiff's Supremacy Clause contention is incorrect.

12

C. **The Plaintiff's Other Claims of Unconstitutionality**.

We will now briefly address the plaintiff's other constitutional claims.  This discussion will be brief because the plaintiff's complaint does not contain a statement of the facts that form the basis for his claims and accordingly it can only be considered whether he has stated a claim upon which relief can be granted by his abstract assertions.

1.  **Overbreadth and Vagueness**.  The plaintiff's claim (Count II) that the Pennsylvania firearms statute is void for overbreadth and vagueness should be dismissed because the complaint does not allege facts that give rise to any basis for the court to consider whether a provision of Pennsylvania law is void for vagueness.  The court cannot determine from the complaint that there is a case or controversy.

2.  **The Commerce Clause**.  The plaintiff's claim (Count III) that there is a violation of the Commerce Clause of the United States Constitution is not presented with any explanation of the plaintiff's theory of a violation and is accordingly not a claim upon which relief can be granted.

13

3.   **Second, Fourth and Fifth Amendments**.  The complaint does not state a claim upon which relief can be granted of a violation of the Second Amendment, Fourth Amendment or Fifth Amendment rights of the plaintiff.  There are no factual allegations in this complaint.  The plaintiff made factual allegations and made claims of constitutional violations in *Voneida v. Stoehr, supra*.  The claim there was time-barred. Here, the claim that the Pennsylvania statute is unconstitutional appears to be based upon the same time-barred set of circumstances.  The claim in this complaint should be dismissed because a statement of facts is not presented in the complaint to give rise to a claim upon which relief can be granted.

The plaintiff asserts in his complaint that it is unconstitutional for the Commonwealth of Pennsylvania to "maintain a separate secret registry for usage by law enforcement agencies only" of persons prohibited from possessing firearms on the basis of juvenile delinquency adjudications for conduct at an age of 13 or younger, because it "provides the Government with the ability to abuse its power

14

over the General Public, violating Constitutional Fourth and

Fifth Amendment protections provided the General Public without

any fair statutory warning of possible wrong doings."  It

appears from what plaintiff Voneida has alleged that his point

of complaint is that a person who does not know of a juvenile

delinquency history of someone sharing the person's residence

could be subjected to a search of his residence and seizure of

his firearms even though he personally has done nothing wrong.

That prospect, however, does not give rise to any rational

argument that the state statutes are unconstitutional.  The

lack of public access to juvenile records is not a violation of

a constitutional provision.  Juvenile proceedings and

dispositions have not historically been open to the press and

the general public.  Opening juvenile proceedings and

disclosing dispositions would not play a significantly positive

role in the functioning of the juvenile delinquency

adjudicating process.  As the Court in *Kentucky Press Ass'n,*

*Inc. v. Kentucky,* 355 F.Supp. 2d. 853 (E.D. Ky. 2005)

determined, those two factors warrant the closure of that

process against a First Amendment challenge.  *Richmond*

15

*Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 (1980); *Smith*

*v. Daily Mail Pub. Co.,* 443 U.S. 97, 107 (1979).

**VI.  <u>Recommendation</u>.**

It is recommended that the court order that the

plaintiff effect service upon the defendants unless the

defendants shall have waived service, and remand the case to

me.  If the defendants shall have waived service, it is

recommended that the case be dismissed on the basis of the

plaintiff's lack of standing and because the complaint fails to

state a claim upon which relief may be granted.

<u>/s/ J. Andrew Smyser</u>
J. Andrew Smyser
Magistrate Judge

Dated: October 18, 2011.