UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH L. VONEIDA,                 :     **CASE NO. 1:11-CV-0865**
                                    :
            Plaintiff               :     (Judge Conner)
                                    :
      v.                            :     (Magistrate Judge Smyser)
                                    :
                                    :
COMMONWEALTH OF PENNSYLVANIA;       :
GOVERNOR TOM CORBETT; ATTORNEY      :
GENERAL LINDA KELLY;                :
PENNSYLVANIA STATE POLICE           :
COMMISSIONER FRANK NOONAN,          :
                                    :
            Defendants              :

## REPORT AND RECOMMENDATION

The plaintiff asks the court to declare 18 Pa.C.S.A.
§ 6111 and Pa.C.S.A. § 6111.1, state statutes involving the
sale of firearms, to be invalid because they are in conflict
with 18 U.S.C. § 922.  He also claims that these Pennsylvania
statutes are in violation of the Commerce Clause, the Second
Amendment, the Fourth Amendment, the Fifth Amendment, and the
Fourteenth Amendment.  Because the amended complaint fails to
state a claim upon which relief can be granted, we recommend
that the defendants' motion to dismiss the amended complaint be

granted, that the plaintiff's motion for summary judgment be denied, and that the case be closed.


I.   Background and Procedural History.


On May 6, 2011, the plaintiff, Kenneth L. Voneida, filed a complaint under 42 U.S.C. § 1983.  The defendants are the Commonwealth of Pennsylvania and the Governor of Pennsylvania, the Attorney General of Pennsylvania, and the Commissioner of the Pennsylvania State Police in their official capacities.


The defendants filed a motion to dismiss the complaint arguing among other things that the plaintiff failed to properly serve them with the summons and complaint.  On November 30, 2011, the court, acting upon a Report and Recommendation of the undersigned, ordered the plaintiff to serve the defendants in accordance with Fed.R.Civ.P. 4.  The plaintiff then filed an amended complaint, and proof of service of the amended complaint.

The amended complaint asks the court to declare 18 Pa.C.S.A. § 6111 and 18 Pa.C.S.A. § 6111.1 invalid and to enjoin the enforcement of those statutes.

18 Pa.C.S.A. § 6111 deals with the sale or transfer of firearms.  With limited exceptions, before selling a firearm, Section 6111(b) requires a licensed firearms dealer to request the Pennsylvania State Police to conduct a criminal history, juvenile delinquency history, and a mental health records check of a prospective firearms purchaser and to obtain a unique approval number from the Pennsylvania State Police for the sale.

18 Pa.C.S.A. § 6111.1, which deals with the duties of the Pennsylvania State Police with regard to the sale or transfer of firearms, requires the Pennsylvania State Police either to inform the firearms dealer that the potential purchase is prohibited or to provide the dealer with a unique approval number for the purchase.  Section 6111.1(h)(1) provides in part that "[t]he contents of law enforcement

3

records and files compiled under 42 Pa.C.S. § 6308 (relating to law enforcement records) concerning a child shall not be disclosed to the public except if the child is 14 years of age or older at the time of the alleged conduct" and certain specified limited circumstances apply.  Section 6111.1(h)(2) provides that "[n]otwithstanding any provision of this subsection, the contents of law enforcement records and files concerning any child adjudicated delinquent for the commission of any criminal activity described in paragraph (1) shall be recorded in the registry of the Pennsylvania State Police for the limited purposes of this chapter."

The plaintiff claims that since federal law, 18 U.S.C. § 922(b)(2), prohibits a licensed dealer from selling or delivering a firearm to anyone who under state law is not authorized to have a firearm, state law must be structured in such a way as to cause a licensed dealer not to sell to unauthorized persons and that, as to a certain class of persons not permitted under state law to possess firearms, Pennsylvania law is not so structured.  More specifically, he claims that, as to the class of persons who have been adjudicated delinquent

4

at an age of 13 or younger, Pennsylvania law is not structured in a manner that causes a licensed firearms dealer to refuse to make a sale to the person.  He further claims that the general public's rights are violated by the use of a "Secret Law Enforcement only Registry" containing information about individuals adjudicated delinquent at age 13 or younger.

The defendants filed a motion to dismiss the amended complaint, and the plaintiff filed a motion for summary judgment.  Because the amended complaint fails to state a claim upon which relief can be granted, we recommend that the defendants' motion to dismiss be granted.  Because we are recommending that the defendants' motion to dismiss the amended complaint be granted, we also recommend that the plaintiff's motion for summary judgment be denied.

II.  Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint.

5

In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v.*

*UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289,

1296 (2011).  Rule 8(a)(2) "requires only a plausible 'short

and plain' statement of the plaintiff's claim, not an

exposition of his legal argument." *Id.*   The factual detail

necessary to satisfy the standard will vary depending on the

case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d

300, 320 n.18 (3d Cir. 2010).


     A complaint filed by a *pro se* litigant is to be

liberally construed and "'however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle*

*v. Gamble,* 429 U.S. 97, 106 (1976)).



III. Discussion.


     The defendants argue that the amended complaint should

be stricken because the plaintiff amended his complaint without

leave of court.

In accordance with Fed.R.Civ.P. 15(a)(1), a plaintiff may amend his complaint once as a matter of course within 21 days after serving the complaint or within 21 days after the earlier of the date the defendant files an answer or a Rule 12 motion.  Otherwise, in accordance with Fed.R.Civ.P. 12(a)(2), either written consent of the other parties or leave of court is required to amend a complaint.

The plaintiff did not file his amended complaint within 21 days after the defendants filed their motion to dismiss the original complaint.  In fact, the plaintiff did not file his amended complaint until more than six months after the defendants filed their motion to dismiss the original complaint.  And the plaintiff did not have either written consent of the defendants or leave of court to file an amended complaint.  Thus, the plaintiff has failed to comply with Fed.R.Civ.P. 12(a).

Although the plaintiff failed to comply with Fed.R.Civ.P. 15(a), because the plaintiff is proceeding *pro se,* because leave to amend should be freely granted when justice so

9

requires, because the defendants have not asserted that they have been prejudiced by the plaintiff's failure to comply with Rule 15, and because the defendants have briefed the merits of their motion to dismiss the amended complaint, the court should not strike the amended complaint.

The plaintiff's claims against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment.

In the absence of consent, a suit in federal court against the state is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). But a state may waive its Eleventh Amendment immunity by consenting to suit and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42

U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).   Accordingly, the plaintiff's claims against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment.

The plaintiff is seeking declaratory and injunctive relief against the Governor, the Attorney General, and Police Commissioner in their official capacities.   These defendants correctly assert that the plaintiff has failed to plead any facts from which it can reasonably be inferred that he has standing to challenge the statutes at issue.   The plaintiff in the amended complaint does not plead a factual basis for the claims that he is making.   He does not allege that he is a licensed firearms dealer or that he engages in the sale or transfer of firearms.   He does not allege that he has been injured or is imminent danger of being injured by the application of the statutes.   Thus, he does not have standing to raise claims challenging 18 Pa.C.S.A. § 6111 and 18 Pa.C.S.A. § 6111.1.

11

Even if the plaintiff had standing, his claims are
based on a misunderstanding of 18 Pa.C.S.A. § 6111 and 18
Pa.C.S.A. § 6111.1.  His argument is that because a firearms
dealer does not learn of the disqualification of persons with a
juvenile delinquency history arising from conduct before the
age of 14 and because under federal law a licensed firearms
dealer may not transfer or sell a firearm to a person
prohibited under state law from possessing a firearm, there is
a Supremacy Clause violation.  His argument is based upon the
assumption that 18 Pa.C.S.A. § 6111.1 works to preclude a
firearms dealer from learning of a prospective purchaser's
juvenile delinquency adjudication in some circumstances.  But
this assumption is incorrect.  The firearms purchase procedure
under Pa.C.S.A. § 6111(b)(1) requires the dealer to request the
Pennsylvania State Police to conduct a criminal history records
check of the prospective purchaser and requires the
Pennsylvania State Police to inform the dealer whether the
purchase is prohibited.  The prohibition cited by the
plaintiff, 18 Pa.C.S.A. § 6111.1(h), preventing public
disclosure of the juvenile record of a person adjudicated
before age 14, does not have any bearing on the requirement of

12

a records check.  The dealer must submit the name of any

prospective purchaser to the Pennsylvania State Police, and the

dealer is told that the prospective purchaser is or not is

barred from purchasing the firearm.  There is not an

inconsistency between 18 U.S.C. § 922(b)(2) on the one hand

and, on the other, 18 Pa.C.S.A. §§ 6111 and 6111.1.  Thus, the

plaintiff's Supremacy Clause claim is without merit.


     The plaintiff claims that it is unconstitutional for

the Commonwealth of Pennsylvania to maintain a secret registry

for use by law enforcement agencies only of persons prohibited

from possessing firearms on the basis of juvenile delinquency

adjudications for conduct at an age of 13 or younger, because

it "provides the Government with the ability to abuse its power

over the General Public, violating Constitutional Fourth and

Fifth Amendment protections provided the General Public without

any fair statutory warning of possible wrong doings."  It

appears that the plaintiff is claiming that a person who does

not know of the juvenile delinquency history of someone sharing

the person's residence could be subjected to a search of his

residence and seizure of his firearms even though he personally

has done nothing wrong.  That prospect, however, does not give

rise to a rational argument that the state statutes are void

for vagueness or are unconstitutional on their face.  Juvenile

proceedings and dispositions have not historically been open to

the general public, and the lack of public access to juvenile

records is not a basis to declare invalid or enjoin the

enforcement of Pa.C.S.A. § 6111 and 18 Pa.C.S.A. § 6111.1.


IV.   Recommendations.


        Based on the foregoing, it is recommended that

defendants' motion (doc. 16) to dismiss the amended complaint

be granted, that the plaintiff's motion (doc. 24) for summary

judgment be denied, and that case file be closed.


J. Andrew Smyser
Magistrate Judge


Dated: February 23, 2012.

14